FOLLETT, J., concurred.

Decree modified as directed in opinion, and as modified, affirmed, with costs to the appellants.

---

JOHN DURYEA, Respondent, *v.* CATHERINE FUECHSEL and Another, as Executors, etc., of GEORGE E. FUECHSEL, Appellants.

*Order modifying a judgment — when the judgment must be first vacated.*

A judgment dismissing the plaintiff's complaint was rendered in an action in which it was found by a referee, before whom the action was tried, as matter of fact, that there were no profits arising from a certain enterprise, and as a conclusion of law that the plaintiff had established no cause of action against the defendant, and that the defendant was entitled to judgment against the plaintiff, dismissing the complaint with costs. Thereafter an order was made modifying such judgment by adding thereto a provision appointing a referee, before whom the defendants should account for certain goods sold and the profits realized therefrom, who was authorized to take an account between the parties.

*Held,* that such order was improperly granted;

That until the judgment dismissing the complaint was vacated no other or different judgment could be rendered as against the defendants.

APPEAL by the defendants, Catherine Fuechsel and another, as executors, etc., of George E. Fuechsel, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of November, 1893, upon the report of a referee, with notice of an intention to bring up for review on such appeal an order made at the New York Special Term and entered in said clerk's office on the 10th day of April, 1891, modifying the judgment entered in said clerk's office on the 3d day of March, 1890, and appointing a referee, and also an order made at the New York Special Term and entered in said clerk's office on the

13th day of November, 1893, overruling the defendants' exceptions and directing judgment in favor of the plaintiff.

*F. B. Candler*, for the appellants.

*A. A. Gardner*, for the respondent.

VAN BRUNT, P. J.:

This action was begun to recover for the sale and delivery of certain merchandise alleged to have been delivered by the plaintiff to the defendants' testator, at an agreed price, and which merchandise the defendants' testator agreed to manufacture and pay to the plaintiff one-half of the net profits of the sale thereof; and judgment was prayed for the amount claimed as the purchase price and for an accounting as to the profits upon the sale thereof. After a trial the court found a contract between the plaintiff and the defendants' testator by which the plaintiff agreed to purchase certain carloads of cauliflower and ship them to the defendant, which the defendant was to manufacture, and sell after such manufacture, in the market; and that the defendant was to reimburse himself for any expenses which he might have incurred, and then reimburse the plaintiff out of the balance of the proceeds of sale for the price to be paid for the cauliflowers, and then the profits arising from the adventure were to be equally divided between the plaintiff and the defendant. The court further found that the enterprise proved a failure, and that there were no profits therefrom to be divided between the parties thereto; and, as a conclusion of law, that the plaintiff had established no cause of action against the defendant, and that the defendant was entitled to judgment against the plaintiff, dismissing the complaint, with costs, and judgment was ordered accordingly. On the first Monday of March, 1890, a judgment was duly entered upon said decision dismissing the complaint of the plaintiff upon the merits, and directing that the defendant recover of the plaintiff the sum of $220.58, the amount of the costs and disbursements of the defendant as adjusted by the clerk. On the 10th of April, 1891, an order was entered at a Special Term held by the justice who had tried the case, reciting the entry of the foregoing judgment, and that the plaintiff had subsequently made a motion before said justice for a new trial on the ground of irregu-

larity and surprise, and that the court had, by an order duly entered on the 20th of March, 1891, denied said motion for a new trial, but with leave to the plaintiff to move to amend said judgment so as to appoint a referee before whom the defendant should account for the goods sold by him and the profits realized therefrom, and ordering and adjudging that the judgment entered on the first Monday of March, 1890, be, and the same was thereby amended by adding to the foot of said judgment as follows : And here follows the appointment of a referee to take and state the accounts between the plaintiff and the defendant. Pursuant to said order of reference, proceedings were had before the referee, who reported in favor of the plaintiff, and to whose report exceptions were filed, which were overruled, and judgment entered in favor of the plaintiff. In the meantime the defendant had died, and the action was continued against the present defendants as his executor and executrix.

The appeal brings before us the regularity of the order entered on the 10th of April, 1891, amending the judgment entered on the first Monday of March, 1890, and of the judgment entered upon the referee's report made pursuant to said amended order.

In the disposition of this appeal it is not necessary to consider any of the questions raised by the appeal from the judgment, for the reason that we are of opinion that the alleged amendment of the judgment was erroneous, and conferred no jurisdiction whatever upon the referee to proceed in the action. The cause had been tried and findings of fact made that there were no profits arising from the enterprise, and as a conclusion of law, necessarily following from such findings of fact, that the plaintiff had established no cause of action against the defendant, and that the defendant was entitled to judgment against the plaintiff dismissing the complaint with costs. Such a judgment had been entered, and so long as that judgment existed there was certainly nothing further which could be done in the action with a complaint dismissed by a competent judgment; the plaintiff certainly can have no recovery in such an action.

Without considering the question as to whether the court could or could not have amended the judgment by vacating that which had already been entered, it is sufficient to say that at least until the judgment dismissing the complaint was vacated, no other or dif-

ferent judgment could be rendered as against the defendants. It certainly would be an anomaly in a litigation to have a judgment dismissing a complaint and at the same time granting relief to the plaintiff because of the cause of action alleged to have been set out in the complaint. This conclusion, which seems to us to be inevitable, makes it unnecessary to consider any of the questions raised by the appeal from the judgment entered upon the referee's report, for the reason that the order amending the judgment appointing the referee being reversed, all the subsequent proceedings necessarily fall.

The result of this case strikingly illustrates the ill-advisedness of the change in practice made by the present Code, from that which had previously prevailed in respect to the review of intermediate orders. The plaintiff, after the judgment was amended, and without any notice upon the part of the defendant that such amendment was to be questioned, goes on with his reference, incurs the expenses of a trial before the referee, succeeds, and all his proceedings become of no value, because of the review of an intermediate order on the appeal from the judgment thus procured.

The order of the 10th of April, 1891, should be reversed, and the judgment appealed from vacated, but under the circumstances without costs.

FOLLETT, J., concurred.

O'BRIEN, J.:

I concur for reversal, but think plaintiff should have leave to move to set aside or resettle the judgment.

I think it reasonably clear that the trial judge, after the entry of judgment, and on his attention being called to the status of plaintiff which entitled him to an accounting, intended to amend or modify the judgment so that such relief might be accorded. This was attempted by the order referring it, which, while the judgment stood dismissing the complaint, could not be done; and I agree with the presiding justice that the order of reference and the subsequent judgment must be reversed.

The plaintiff, assuming that the order of reference was proper, has no doubt allowed the time to appeal from the judgment dismissing his complaint to expire.

On the accounting it was decided that the defendant was indebted to plaintiff in the sum of $5,103.74; and yet, as the result of a mistake, he finds himself out of court because he has lost his appeal.

It may be that on a new trial plaintiff might not recover so much, or anything at all, but justice demands that there should be a new trial.

Here, then, a mistrial has occurred, but how to remedy the injustice is by no means clear. I think, however, that the reversal should be with leave to plaintiff to apply upon a case and exceptions for a new trial, or upon motion to resettle or set aside the judgment, or to make such motion before the trial judge as the practice permits.

Order of April 10, 1891, reversed and judgment vacated, without costs.